[Cite as *State v. Cobb*, 2025-Ohio-4515.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

MARCUS R. COBB,

    DEFENDANT-APPELLANT.

CASE NO. 8-25-03

OPINION AND
JUDGMENT ENTRY

Appeal from Bellefontaine Municipal Court
Trial Court No. 24CRB00644

Judgment Affirmed

Date of Decision:  September 29, 2025

APPEARANCES:

    *William T. Cramer* for Appellant

    *Crystal K. Welsh* for Appellee

**WILLAMOWSKI, J.**

{**¶1**} Defendant-appellant Marcus Cobb ("Cobb") brings this appeal from the judgment of the Bellefontaine Municipal Court finding Cobb guilty of obstructing official business. On appeal Cobb alleges that he was denied the effective assistance of counsel. For the reasons set forth below, the judgment is affirmed.

{**¶2**} On October 20, 2024, Officer Mason Treen ("Treen") received a call about three men fighting near an intersection. Cobb was one of the men identified at the scene. Treen subsequently spotted Cobb and Cobb, seeing the patrol vehicle, began running away. Treen followed Cobb and, using the vehicle's public address system, called out to Cobb to stop. Cobb continued to run, so Treen exited the patrol vehicle and pursued Cobb on foot. While chasing Cobb, Treen yelled for Cobb to stop two more times. Eventually Cobb did stop and Treen took Cobb into custody.

{**¶3**} On October 21, 2024, Treen filed a complaint charging Cobb with obstructing official business in violation of R.C. 2921.31(A), a misdemeanor of the second degree. Cobb initially entered a plea of not guilty, counsel was appointed for him, and the matter proceeded to a bench trial on February 4, 2025. At the conclusion of the trial, the trial court entered a judgment of guilty and imposed a sentence. Cobb appeals from this judgment and on appeal raises one assignment of error.

**[Cobb] was deprived of his right to the effective assistance of counsel under the state and federal constitutions when the trial court failed to inquire into the adequacy of counsel's performance after [Cobb] raised specific complaints during trial.**

{¶4} In the sole assignment of error, Cobb claims that his trial counsel was ineffective and the trial court should have inquired because Cobb repeatedly complained about counsel's performance during trial.

{¶5} Initially, we note that Cobb is arguing that the trial court erred by not inquiring into the effectiveness of trial counsel's representation when Cobb complained during the trial about counsel's performance. The Supreme Court of the United States has held that a defendant has a right to be represented by counsel of his or her choice and that deprivation of this right is a structural error. *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006). However, this right is limited.

> [T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them. Nor may a defendant insist on representation by a person who is not a member of the bar, or demand that a court honor his waiver of conflict-free representation. We have recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness and the demands of its calendar. The court has, moreover, an "independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them."

*Id*. at 151-52 quoting *Wheat v. United States*, 486 U.S. 153, 160 (1988). The Supreme Court of Ohio has held that a trial court commits prejudicial error when a trial court fails to appropriately inquire into the representation when a defendant makes specific allegations regarding counsel's performance. *State v. Deal*, 17 Ohio

St.2d 17, 18-20 (1969). However, absent specific objections to counsel's performance, the trial court has no duty to investigate. *State v. Corder*, 2017-Ohio-7039 (10th Dist.).

{¶6} A review of the record in this case shows that Cobb repeatedly interrupted counsel's cross-examination of Treen. Frequently the interruptions were to comment on the testimony. At one point Cobb told his attorney that he wanted counsel to ask Treen different questions or he would speak for himself. Counsel then asked Treen a question and Cobb stopped interrupting for a short time. At another time Cobb interrupted to say that he thought the questions were irrelevant to the case and started making his own argument as to what he believed was important. Counsel then requested a recess and the request was granted. Upon the return after the recess, counsel continued to cross-examine Treen and Cobb was silent for a time. Eventually Treen said something that agitated Cobb and he again began injecting commentary.

{¶7} The State then rested its case and counsel for Cobb attempted to call Cobb to the stand. Cobb then complained about testifying.

> The Defendant: You never even spoke (indiscernible). We need another recess. You can't do this. Why you trying to make me lose my own case? I'm – I fired you already. This isn't fair. I don't think I even want to take the stand.
>
> Mr. Gudgel: Okay. You don't have. Your Honor, I guess we –
>
> The Defendant: Give me a second. Can we just get a recess? Can I get asked to take the stand? You never even asked me.

. . .

> The Defendant: I have a witness Christopher that I can get ahold of, and I would like – he's given information and he – he shows that this is – I have other witnesses that I need to just take one brief recess.
>
> Mr. Gudgel: Your Honor, may we have one more recess?
>
> The Court: Yeah, we'll take another five minutes.

Tr. 23-24. Following the recess, the defendant took the stand and testified. During the testimony, Cobb set forth his position on the background that led to him running from Treen.

{¶8} At no point in the record does Cobb ask for new counsel. Cobb also does not indicate with any specificity how counsel was failing during the trial. The State based the charge of obstruction on Cobb's failure to stop when told to do so multiple times while Cobb was running from Treen. To prove this offense, the State was required to prove that Cobb did anything that hampered Treen's ability to do his job. The State's proof was that Cobb took off running when Treen tried to question him about the altercation and refused to stop despite being ordered to do so numerous times. Cobb's statements about questions he wished to be asked were focused on different issues that were tangentially related to this matter. However, the questions would not have been relevant as they were unrelated to whether Cobb disregarded the order. Without specific allegations of ineffectiveness or a request

for new counsel, the trial court had no duty to inquire into the effectiveness of counsel.  The assignment of error is overruled.

{¶9} Having found no error prejudicial to appellant in the particulars assigned and argued, the judgment of the Bellefontaine Municipal Court is affirmed.

***Judgment Affirmed***

**WALDICK, P.J. and MILLER, J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
John R. Willamowski, Judge


_____
Juergen A. Waldick, Judge


_____
Mark C. Miller, Judge

DATED:
/hls